Good morning. May it please the Court? Good morning, Counsel. John Williams on behalf of Appellant Darlene Hoyt. I'd like to reserve five minutes of my time for rebuttal if I could. All right. Try to watch the five minutes yourself. Very well. Thank you. I'll try to remind you if I can get a word. I'd like to focus my comments today on putting a finer point on the main issue in this case, and that is the instructional error issue. The briefing on that issue has been extensive from the parties. I have trouble finding out how this instruction does your client any harm. It seems to me that it says that the main issue is control, but that there are other things that can help your client even if she doesn't win on control. How is that harmful? It says the first sentence of the court's instruction is that the right to control is the most important factor. Then it says, however, you should also consider the following factors which may show that she was the employee. So it says in addition to control, there are other factors you ought to look at because they may help make her an employee. Now, how is that harmful? And I understand the Court's comment. And I think even the Tyberg Court had said that some of the secondary factors can be indicia or evidence of control. I think that the issue here is with respect to the primacy of the question of control and whether that is truly a most important factor from a functional standpoint. It's one thing to say that it's a most important factor and then to have the jury consider it in this multi-factor test. And it's another thing to do exactly what the Cassie instruction formally did, and that is to say if you find control, the inquiry is over. And so that answers your question. To the extent that the instruction says or should say if you find control, then there is an employment relationship here. The absence of that sentence, which was removed, is what served a detriment to my client. Because I agree with the Court. The other secondary factors can be indicia of control. But the absence of that mandate that says if you find control, then there is an employment relationship. And that mandate is what's consistent with California Supreme Court authority that says this is the most important factor and gives that importance some functionality. Because in the absence of that mandate, it has no functionality. It gets lost in all of these other factors. And I'll submit to you, Your Honor, the evidence was sharply contested on a lot of these factors. There were ---- Kennedy, for the purpose of this question, I'm assuming that you're correct and that if you win on control, that's it, which is not ---- Well, I just assume that for this argument without determining what it is. If it is that the control you win, I don't see how this instruction would hurt you, because it says that the right to control is the most important factor. But you consider other factors if they help you. If they help. If they help you, not if they help the employer. Well ---- It says you should also consider the following factors which may show that. Now, if they don't show, no harm, nothing happens. But if they do show, if they help you, then you add those factors as well. That's why I respectfully disagree, Your Honor. I think that if they don't show, then counsel can argue and did argue that these factors are not in favor of my client and, therefore, there was no employment relationship. That's what the record reflects. There was, again, sharply conflicting evidence on all of these factors. Some of them broke for my client. Some of them broke for the defendant. And at the end of the day, counsel was allowed to argue and did argue to the jury all of these factors and go through them and talk about which ones went which way. And so to your question, Your Honor, why does it matter? Well, if you throw in control with all of these other factors and mix it all up, and then counsel can argue ---- I don't think that's what the instruction says. But, all right. Now let's go to your main question, which is should you just say it's control and that's all you can you should consider if the plaintiff wins. What do you do with Teelburg, is it Teelburg, which says it's error not to consider the other factors even after finding control? Yeah. I think Teelburg has an interesting opinion on that issue because what happens is ---- Well, all these opinions are interesting because they're all inconsistent and they ---- nobody ever thought this whole thing through. I think it's ---- But Teelburg or Teiburg or whatever, however you pronounce his name, said clearly that it's error not to consider the other factors even if you've decided there's control. And then what does Teilburg do? Teilburg then goes on to look at those other factors and it basic ---- and it comes to the conclusion that those other factors point in different directions, that they're inconclusive and they're ---- because the right to control was established, it overrides any contrary findings on any of those secondary factors. Well, what it does is consider all those factors. It says it is an error for the Court just to say what you wanted the Court to say. No, I don't want the Court to not talk about the secondary factors. Borrello says that those ---- You want them to say that if you win on the control, that's it, you said. Right. Because control is the most important factor. If you find control ---- and that's what Teilburg says, too. No. Teilburg said that an instruction that said if you find control, that's it, you won. Which doesn't list any of the other secondary factors. Well, what's the point of listing them if you've already won on control? And this goes to the essence of a most important factor and secondary factors. Here's my response. If you're in a situation like Borrello where detailed control is not important, it's not part of the kind of work that is being performed, harvesting cucumbers out of the field, then what you do is you say, well, that's not the kind of situation where there's usual control over detail. Details. Look at these secondary factors. And that's what Borrello says. Borrello was trying to ---- If I wasn't asking about Borrello, I was asking about Teilburg. Well, what Borrello was trying to do was apply Empire, Starr, and Teilburg to a situation where control over details is not part of the work, picking cucumbers out of a field. And so I'm not here to tell you that those secondary factors shouldn't be there. I'm here to tell you what Borrello says. And Borrello, following Teilburg, says if you find there's no control, then you look at these secondary factors. But control is the most important. And in order for it to be the most important, it has to have functional importance. That means if you find control, then the inquiry is over. Now, point the court to Teilburg at 2 Cal 3rd 953, where it looks at these secondary factors. And it says some of these point in favor of the employer, some of these point in favor of the employee. And at the end of the day, because control was found here, none of those secondary factors are conclusive. None of them matter. And so even though Teilburg comes out at the beginning of the opinion and says, look, if you just say it's about control, that's insufficient, if you look at the analysis in Teilburg, what Teilburg says is these secondary factors, in whatever combination they may be found on conflicting evidence, cannot override the inquiry about control over details. If there is control, then the inquiry is over. And so here's the analysis, if I can break it down, that is consistent with Empire Star, that's consistent with Teilburg, and that's consistent with Borrello and what should have been instructed here and what was part of the former Cassie 3704 instruction. The analysis should go this way. The jury first considers the issue of control. And not just whether it's exercised, but whether the employer has the right to exercise it. If that is not found, well, let me back up. If that's found, then the inquiry is over. If they find right to control either exercised or not, you don't go into the secondary factors. If no right to control is found, then you consult the secondary factors. And that's consistent, again, with what Teilburg says, because those are some indicia of other elements of control. Well, if you've already found it, why would you go to the secondary factors? My point is you don't need to go to it if you've already found it. You don't, but that's what Teilburg said. That's why it reversed. That's why it said what the trial court did was wrong. Trial court said control, that's all you need to do. And they said, no, you can't do that. Right. So what's the point of the secondary factors if you've found control? If you find control, then you don't get into the secondary factors. If you don't find control, then the secondary factors are relevant. And that's exactly what Cassie 3704 used to say. That was the instruction, the formal instruction at the time of trial that the district court judge in this case took out from that instruction the mandate that if you find control, then you must find an employer-employee relationship. May I ask you a question? If you were to prevail, because at the time the jury, the Calgic instruction, was one way and the court altered it, and you went back to trial, wouldn't the same jury instruction that the court gave in this case be given, because now the Calgic instruction has been altered to comport with that one? It's a fair question. I think that we can all agree that the judicial counsel has not been infallible in this area. I mean, we both have argued here that the judicial counsel got it wrong at some point. We say they got it right originally, and they say the opposite. No, but I'm saying as a practical matter, the current correct instruction under California law that would have to be given is the one that was given. I don't think that's true, Your Honor. I think if this Court were to articulate what the standards should be, and our position is this Court needs to follow what the California Supreme Court has said and not what one outlier opinion from a California court of appeal has said, the Bauman case, which, as I've said in my briefs and even as of last night when I was double-checking, has been followed by no other court of appeal or Supreme Court decision on this issue. Now, the judicial counsel changed the instruction, and in the use notes cited this case but gave no analysis, and no other court has followed it. So I think it's this Court's duty to articulate the standard consistent with California Supreme Court authority, which has not spoken on this issue. So I recognize – well, hasn't spoken since this change. So I recognize you're looking back at Empire Star, you're looking at Tyberg, and you're looking at Borrello to do that. But not Bauman. Bauman is an outlier. No other court has said this. So in response to your question, I think it depends on this Court's decision. I see that I'm running short on time. Unless there's any other questions, I'll save the remainder for my rebuttal. Thank you, counsel. Thank you. Good morning, Your Honors. Jonathan Andrews for Apelli Career Systems Development Corporation. I'll start with this discussion on the jury instructions. One of the things that Dr. Hoyt asked the trial court to do was instruct the jury that if there was a finding of control, that's the end of the inquiry. But also, if there is a finding of no control, there still needed to be a separate analysis of the secondary factors. And one of the struggles I have with the argument that's brought forth by the appellant is if the secondary factors are really generally irrelevant, why is there a second tier to the analysis? Because Borrello, Tyberg, Empire Star all say that there has to be a multifactor test. And that makes sense, because in looking at the issue of control, there could be a number of other factors that we may call secondary factors that a jury needs to think about in concluding whether or not, in fact, there's control or whether or not, in fact, there's something else. In fact, as the parties were putting together their briefs and we were trying to outline the evidence in the record that supports the finding of control versus these other secondary factors, there's a number of those factors that are listed as secondary that arguably could be listed as control as well.  However, what the trial court did is properly instruct the jury that the most important factor is control. And that is consistent with Borrello. It's consistent with Tyberg. It's consistent with Empire Star. It's been subsequently approved by Bowman and is now the state of the law, at least with respect to the Instruction 3704. And in the use notes, the legislature references each of these cases and says, this is all consistent. This is what makes sense. Because if we really are going to try to discount all of these secondary factors and say that they really are irrelevant, why are we going to now make the defendant jump through this second hoop after the jury has found that there's no control and require them now to establish that there's these other secondary factors that may also support their finding that there's no employment relationship? It doesn't make any sense. It's going to confuse the jury. And, Your Honors, to the issue of harmless error, this is why in this case there was no harm to Dr. Hoy in the instruction. Because the instruction required the jury to look at all of these factors before it reached its conclusion, which was consistent, in essence, with what the plaintiff was asking for in the first instance. Because the plaintiff was saying through their instruction, if you find no issue of control, you still have to look at these secondary factors. Well, the instruction that the trial court provided to the jury still required the jury to look at all of these factors, which it did. And as counsel points out, there was evidence presented by both sides supporting their positions. The jury had the opportunity to look at all of these issues in the totality of the circumstances and reach the conclusion that it did. So from that perspective, there was no error to Dr. Hoy in going through that analysis. And I'm not aware, Your Honors, of any court, either in California or any decision in the Ninth Circuit, that suggested there needs to be a multi-tier test as opposed to a multi-factor test for all of the reasons that I just described earlier, which is that you have to have, you have to look at the totality of the circumstances because it is such a fact-intensive inquiry. But it is entirely, again, appropriate to focus on this issue of control, or at least to instruct the jury that it is the most important factor as a guide for them in making this determination. And I do share the concerns that if we simply go back and have this remanded back to the trial court, the instruction that's going to be given is essentially the same, unless this Court decides to change the state of the law. But not only the state of the law with respect to California, but also within the Ninth Circuit. Because, again, I'm not aware of any Ninth Circuit decision analyzing the independent contractor-employee analysis where they have decided to break from the Ty Borello Empire Sun, or I'm sorry, Empire Star progeny, and say that there now needs to be this multi-tier test. What was the argument made to the jury under this instruction that Ms. Hoyt was an independent contractor? What were the facts that supported the jury? That she was an independent contractor. Right. Well, a number of them. And they included, and we included those in the record and also referenced in our response brief. But Dr. Hoyt is someone who had her own corporation since 1984. She had discretion over her schedule. She had discretion to delegate the number of hours that she had contracted with career systems to work. So, for example, under the contract, she agreed to provide 28 hours of service per week to the center. But she could delegate to whomever she wanted who was actually going to perform that work. And so she had her own employees that she paid for herself who did that work. In addition to the contract that she had with career systems, she had 28 other contracts with other entities. She had pure discretion to enter into those contractual arrangements. She did not need career systems' approval to do so. She listed herself as a female-owned small business. She had her own workers' comp insurance and coverage for her own employees. She did not receive any performance reviews or have an employee file because, again, she was not an employee. The fact, she also, with respect to vacationing, could determine her own schedule and determine whether or not she wanted to have coverage. The majority, I would say at least over 50 percent certainly of her income, came from these other sources outside of her contract with career systems development corporation. She considered herself to be a contractor. And, in fact, when the opportunity arose where she could apply for a full-time mental health position, she filled out an application and identified herself through her corporate tax ID number and then also stated that she had been self-employed for the past 20 years. And then listed her corporation as her place of business for the last 20 years, not career systems development corporation, nor did she try to check off a box that indicated that she was an employee. We pointed out at the trial court level that I believe she referred to herself as a contractor and thought of herself as a contractor, but certainly referred, I think, both at trial and at deposition, I think over 60 times in that framework. Again, the totality of the circumstances. I understand that what one person may characterize themselves as someone else isn't determinative, but looking at all of these factors together, a reasonable person could conclude that she was, in fact, an independent contractor and not an employee. And I think the strength of the instruction that the trial court gave was that it forced the jury to look at all of the factors. And plaintiff's counsel also raised factors that they believed supported the position that she was an employee, and they tried to raise issues as the longevity of the relationship between the parties and other factors that the jury then looked at. You know, one of the concerns that the Bowman court had when they said that, you know, an improper instruction that has this multi-tier facet would be an error was that in that case, if you found that there was evidence of control, the analysis stopped. There was no examination of these other factors, and that would be prejudicial to the defendant in that case. Unlike an instruction that's given here, wherever you've come out on the issue of control, you still look at everything. And control may trump, as it did, I believe, in the Borrello case, when they looked at the secondary factors and said you must. So you say that you can find control and then still rule against the plaintiff? I think the way the instruction is is that if you have to you can make a determination that if you look at control as being the most important factor, I suppose there's a situation where in reviewing the secondary factors, a jury may conclude that those secondary factors overwhelm the issue of control. I think, practically speaking, what would happen is that a lot of those factors are going to bleed into one another. Kennedy. Well, if they can't, then what's the point of examining them once you've found control? Well, the issue, though, is that it's not a – the jury is not instructed to first find control before moving on. So you have to have a – But if the jury does find control, if that's the first most – they say, look, if that's the most important factor, we find control. Because the – Then you want them to go on to the other factors? Correct. Which can't override that finding. Well, I'm not – I'm not sure that they can't. I'm saying that they could. I can envision a situation where the secondary factors may be so much – Well, that was the question I asked. Are you saying that even though you find control, the secondary factors could then result in a verdict that he's not an employee?  that are offered to the jury. And that's part of – that's one of the reasons for the multifactor test, is that you need to look at all of these factors together. It's correct to point out that there may be at least one that's more important than the others. But the others – but you look at everything in its totality to make your determination. And I think it's also to avoid the concern that some of these additional factors – some may play into control, some may not in the juror's mind. And so it's proper that they look at everything so that neither party is restricted from looking at all the evidence that counsel presents to them through the trial court in making their analysis. Is control – the word control also defined in these – in the instructions anywhere? It is. In our instruction, I'd have to take a look again and see how specifically it is defined. Unfortunately, the right to control is a term of art that has different meanings. And I think one of the things that's important here also is 3704, the Casey instruction, generally deals with agency relationships. There could be independent contractor factors such that are promulgated by the EEOC and some of their determinative guidelines that may apply differently based on the type of relationship that exists between the parties. And that may, in fact, have an impact on the definition of control for that particular situation, whether you have someone that is akin, like in this case, to an argument between employer and employee in this case, or whether or not someone, as counsel referenced, has a different type of relationship that may require some additional factors that could come into play. And I think that could alter the actual definition of control. And if I may, Your Honors, I'd like to address, unless you prefer me not to, the issue that's also under appeal, which is the question as to the UNRRA Act. Well, counsel didn't argue it, so it doesn't mean it's been dropped. It just means we decided on the briefs. Okay. Unless you have something short. Unless you have questions for me, Your Honors, then I don't need to go.  Thank you, counsel. Thank you, Your Honors. To take the issues in reverse very quickly, the instruction defines control over the right to control how Ms. Hoyt does her work, as opposed to the result achieved. That's how it's defined in the instruction. I think the question that was asked with respect to if you find control, can the other secondary factors trump it, really crystallizes our argument. Tyberg demonstrates that the answer to that question is no, that you can have whatever combination of secondary factors to come to a certain result, but if there is established the right to control, then those factors cannot trump that determination. That's what Tyberg says. The only time you go to the secondary factors, and I heard counsel say that we want to ignore the secondary factors. That's not true. The only time you go to those secondary factors is when there isn't a finding of control initially, and then you consider the secondary factors. That's what Borrello says. But let's look at that. Let's press pause and look at that, because if you have a situation where if you find control, and then you have every other secondary factor that weighs in favor of the employer, then ultimately the jury has to find, consistent with California law, that there's an employment relationship. If that is true, then what we say about the instruction is also true. That is, if you find control, the inquiry is over. If you don't find control, then you move on to the secondary factors. I also heard counsel say, well, that's not true. It's a hodgepodge. It's a totality of circumstances. Well, if that's true, then why do we say that one factor is more important than the other? There's nothing wrong with that. But what does that mean to a jury if you don't tell them? I'm not suggesting that that's necessarily the right rule, but there's nothing wrong with saying here are a number of factors to consider, the most important one being this. Right. But you have to give it the functional significance that we just talked about here, and that is you can find for the employer on all these secondary factors, but if you find control, game over. You have to find. That could be the rule, too. I mean, anything, either of those things could be a rule. Well, what Tyberg tells us and what we've seen from California Supreme Court authority is those other factors can point in whatever direction they're going to point. But if you have control, then the inquiry is over. And I submit that's why this instruction was wrong. Unless there are any further questions, we're prepared to submit. Thank you. Thank you. Thank you.
judges: Reinhardt, Silverman, Wardlaw